IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 2:14cr48

**EDDIE LEE JACKSON,**

**Defendant.**

## ORDER AND OPINION

This matter comes before the Court upon Eddie Lee Jackson's ("Defendant") Motion to Correct Sentence. ECF No. 53. In his Motion, Defendant makes two challenges to his sentence: (1) that his lifetime term of supervised release violates the five year statutory limitation in 18 U.S.C. § 3583, and (2) that the conditional fine imposed by the court is unworkable and not authorized by law. Id. Defendant requests that this Court modify his sentence, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, to reduce his term of supervised release to no greater than five years and to eliminate the fine. Id. For the reasons set forth herein, the Court **DENIES** Defendant's Motion.

### I. PROCEDURAL AND FACTUAL HISTORY

On April 7, 2014, Defendant pled guilty before Magistrate Judge Douglas E. Miller to Possession with Intent to Distribute a Mixture and Substance Containing Cocaine Base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). However, on August 29, with the approval of the United States, Defendant filed a motion requesting to amend the Statement of Facts he had agreed to as part of his guilty plea. ECF No. 36. At issue was a provision of the Statement of Facts that stated that Defendant had "sold user quantities of powder and crack cocaine from his residence for the past 10 years." ECF No. 25 at ¶ 2. Since the length of relevant conduct would

1

have stretched back 10 years, Defendant's old felony convictions for possession and distribution of illicit drugs would have come within the applicable time period, making him a Career Offender.[1] At a hearing on September 16, 2014, rather than amend the Statement of Facts sworn to at Defendant's plea hearing before Judge Miller, the Court declined to accept the original guilty plea altogether. Defendant ultimately pled guilty, with the new Statement of Facts, before the Court on September 30, 2014.

At the sentencing hearing on November 17, 2014, Defendant made two objections to the Presentence Investigation Report ("PSR") which affected his sentencing guidelines. The first objection was that the PSR improperly attributed conduct in 2005 to Defendant, which, like the conduct alleged in the original Statement of Facts, would have made Defendant a Career Offender. The objected to conduct arose out of a 2005 search of Defendant's residence, in which approximately 32.9 grams of cocaine base were recovered. ECF No. 49 at ¶ 9. As a result of this search, Defendant's son was arrested, but Defendant was not. Id. At the sentencing hearing, the Court ruled that the recovery of drugs from Defendant's home in 2005 should not be included in relevant conduct for his instant offense.

Defendant's second objection was to an enhancement for his role as an "organizer, leader, manager, or supervisor" in a criminal activity. The basis for this enhancement was a confidential informant's claim that Defendant's roommate was allegedly selling drugs on behalf of Defendant. ECF No. 49 at ¶¶ 10, 13. In addressing this objection, the Court acknowledged that the United States may be able to prove the facts underlying the enhancement. However, to avoid raising any issues caused by Defendant's lack of access to the confidential informant, the Court declined to apply the enhancement. The Court then indicated that it planned to sentence

---

[1] For the purpose of determining a defendant's sentence, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e)(1).

2

Defendant to the statutory minimum term of 60 months imprisonment, but that this otherwise light sentence would also come with lifetime supervised release.

The United States requested a 60 month sentence for Defendant on the belief that Defendant was not a "drug kingpin" or "high level dealer." The Court agrees that Defendant is likely not a dangerous "drug kingpin" who needs to be kept off the streets for an extended period of time. He is, however, a long term offender who is likely to relapse without substantial supervision. Taking this and other § 3553 factors into consideration, the Court fashioned a sentence to appropriately respond to Defendant's circumstances:[2] 60 months imprisonment, lifetime supervised release, and a $10,000 fine.

At the hearing, Defendant's Counsel objected to lifetime supervised release because, he alleged, it created a sentencing disparity and was greater than necessary. The Court found that Defendant was clearly a long time dealer and held that lifetime supervised release was necessary to prevent Defendant from selling crack again.[3] Defendant's Counsel did not argue that the term of supervised release violated any statutory limitations. If Defendant had so argued, perhaps the Court would have decreased his supervised release and imposed a longer term of incarceration. Sentences must be viewed as a whole, not as parts. A sentence of 60 months imprisonment and five years supervised release was and is not sufficient to satisfy the § 3553 factors.[4] Rather than impose a longer term of imprisonment, the Court determined that a longer term of supervised release better addressed the situation.[5]

---

[2] The need to have sentences that address unique circumstances uniquely is the precise reason for allowing judicial discretion.
[3] This reasoning was echoed in the Judgment: "in order to prevent Defendant from selling crack again after his term of imprisonment, Defendant should be subject to supervised release for life." ECF No. 51.
[4] The Court is very concerned with protecting the public from further crimes Defendant might commit. Defendant's recidivism would be especially damaging to the Eastern Shore of Virginia, which is sparsely populated and vulnerable to the effects of the drug trade.
[5] In coming to this decision, the Court also considered that Defendant's term of supervised release could be terminated early if he refrains from reverting to drug dealing following his release.

At the sentencing hearing, Defendant also objected to the $10,000 fine. Defendant's Counsel argued that the tax lien might be legitimate despite Defendant's lack of knowledge. In response, the Court added the condition to Defendant's fine that, if the United States collects the full balance of the tax lien from Defendant, the fine will be suspended.

On November 11, 2014, Defendant filed the instant Motion to Correct Sentence, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. ECF No. 53. In his Motion, Defendant claims that his sentence of lifetime supervised release and the imposition of a contingent fine were both clear errors. Id. The United States filed its Response to Defendant's Motion on November 26, 2014. ECF No. 54.

## II. RULE 35(a)

Rule 35(a) of the Federal Rules of Criminal Procedure allows a court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." Because Defendant's sentencing was on November 17, 2014, the Court has until December 1, 2014 to modify his sentence. Defendant argues that his term of supervised release and fine are both clear errors, which "Rule 35 was designed to remedy." ECF No. 53. Under clear error analysis, "a court may reverse only if 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Brown, 381 Fed.Appx. 261, 263 (4th Cir. 2010) (quoting United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005)). Such mistakes include misperception of the law governing the Circuit. United States v. Ward, 171 F.3d 188, 191 (4th Cir. 1999).

## III. SUPERVISED RELEASE

Defendant claims that the maximum term of his supervised release is five years, rather than life as announced by the Court. ECF No. 53 at 2–3. The source of this divergence is the friction between the statute covering Defendant's specific offense, 21 U.S.C. § 841, and the

4

statute generally covering supervised release, 18 U.S.C. § 3553. Section 3583 states that "[e]xcept as otherwise provided, the authorized terms of supervised release are . . . for a Class A or Class B felony, not more than five years." 18 U.S.C. § 3583. For most Class A and Class B felonies, this five year limitation would apply. However, § 841(b)(1)(B) has its own provision for supervised release: "Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior [felony drug] conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment . . . ." 21 U.S.C. § 841(b)(1)(B).

When it was established by the Comprehensive Drug Abuse Prevention and Control Act of 1970, the provision now referred to as § 841 did not include the language "[n]otwithstanding section 3583 of title 18." Pub. L. 91-513, Title II, § 401, 84 Stat. 1260 (1970). This absence left the application of § 841 considerably more vague than it is today, and there was a circuit split over how these two statutes were meant to interact. The Fifth and Tenth Circuits determined that the statutes combined to create a definite floor and ceiling for supervised release. See e.g. United States v. Kelly, 974 F.2d 22, 24 (5th Cir. 1992); United States v. Heckard, 238 F.3d 1222, 1236 (10th Cir. 2001). Under this reading, the statutory range of supervised release for § 841(b)(1)(B) would have been four to five years. The Second and Ninth Circuits determined that § 3583 did not apply, and that the statutory maximum term of supervised release was therefore life. See United States v. Mora, 22 F.3d 409, 412 (2d Cir. 1994); United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir. 1988).

In 2002, Congress added the language "[n]otwithstanding section 3583 of title 18" through the 21st Century Department of Justice Appropriations Authorization Act ("2002 Amendment"). Pub. L. 107–273, § 3003, 116 Stat. 1758 (2002). Following this amendment, the

5

Circuits have generally agreed that § 3583 does not restrict the length of supervised release for drug offenses under § 841. See e.g. United States v. Jackson, 559 F.3d 368, 370 (5th Cir. 2009) ("Kelly's relevant holding-that the three-year maximum in § 3583(b) applies during initial sentencing for a drug offense under § 841-has been abrogated by statute.");[6] United States v. Brown, 676 F.3d 1138, 1140 (8th Cir. 2012) ("In essence, the terms of the relevant sentencing statute, § 841, trump the general terms of supervised release provided in § 3583(b)."); United States v. Handley, 678 F.3d 1185, 1189 (10th Cir. 2012) ("Having determined the maximum terms of supervised release in § 3583(b) do not apply to drug offenses under 21 U.S.C. § 841, it is also clear under the plain language of § 841(b)(1)(B) that the maximum term of supervised release is life.")

The Fourth Circuit, for its part, showed some support for both camps prior to the 2002 Amendment, and it has not taken up the matter in detail since. Two Fourth Circuit opinions, both before the new language was added, seem to differ in application of supervised release. In Good, decided in 1994, the Fourth Circuit held, "Although there is no maximum period of supervised release expressed in the statutory language of 21 U.S.C. § 841(b)(1)(B) . . . the maximum period of supervised release for a first offender found guilty of this Class B felony is five years." United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994). Had this opinion been the end of it, the resolution in this case would be clear. Defendant would be statutorily limited to five years of supervised release. However, along with the 2002 Amendment, subsequent precedent calls this determination into doubt.

In Pratt, decided in 2001, the Fourth Circuit held, "where a statute's mandatory minimum term of supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's

---

[6] Citing legislative history, the court in Jackson claimed that "[t]he amendment was intended to clarify that the longer terms of supervised release under § 841, 'which may include lifetime supervised release,' controlled over the lesser maximums in § 3583(b)." Jackson, 559 F.3d at 370.

6

maximum terms do not apply." United States v. Pratt, 239 F.3d 640, 648 (4th Cir. 2001). Accordingly, the Fourth Circuit held that "§ 3583 does not apply to § 841(b)(1)(C) . . . ." Id. These two holdings created a legal enigma: a defendant could not be sentenced to supervised release for life under § 841(b)(1)(B), but such a defendant could be sentenced to lifetime supervised release under the lesser offense in § 841(b)(1)(C).[7] In fact, the Fourth Circuit explicitly recognized this very discrepancy in Pratt:

> Such a counterintuitive result makes us wonder if the rule announced in Good should be limited to the facts of that case, or perhaps even partially overruled. However, as the question posed by the instant case is limited to § 3583's effect on § 841(b)(1)(C), we need not reach that question here.

United States v. Pratt, 239 F.3d 640, 647 n.4 (4th Cir. 2001).

Despite the footnote in Pratt, the Fourth Circuit has yet to reconcile the application of § 3583 on § 841(b)(1)(B) with the seemingly contradictory application of § 3583 on § 841(b)(1)(C). See e.g. United States v. Coote, 84 Fed.Appx. 271, 272–73 (4th Cir. 2003) ("[T]hree years is only the minimum term of supervised release permitted by § 841(b)(1)(C) . . . ."); United States v. Jett, 70 Fed.Appx. 717, 718 (4th Cir. 2003); United States v. Dawson, 587 F.3d 640, 648 n.5 (4th Cir. 2009) ("Dawson's offense [under 18 U.S.C. § 3559(b)(1)(B)] is classified as a Class B felony . . . The maximum period of supervised release authorized for a Class B felony is five years."); United States v. Copeland, 707 F.3d 522, 530 (4th Cir. 2013); United States v. Alston, 722 F.3d 603, 606 n.4 (4th Cir. 2013). To complicate matters, the Fourth Circuit has not yet addressed the effect of the 2002 Amendment.[8] Notably, the Fourth Circuit has not applied the Good line of precedent since Dawson in 2009. In that case,

---

[7] This outcome is even more dubious considering § 841(b)(1)(B) has a minimum term of supervised release of four years, while § 841(b)(1)(C) only has a minimum term of three years.

[8] In a *per curiam* opinion, the Fourth Circuit cited the new language to support its holding that the defendant's offense under § 841(b)(1)(C) carried a minimum, not maximum, term of three years supervised release. United States v. Whitehead, 524 F. App'x 929, 931 (4th Cir. 2013). However, since this holding was already in line with Fourth Circuit precedent, it is impossible to tell whether the 2002 Amendment had any effect on the court's holding.

the court merely cited Good and resolved the issue in a footnote, without any mention of Pratt or the 2002 Amendment. Dawson, 587 F.3d at 648 n.5.

Perhaps the closest the Fourth Circuit has come to resolving the issue is in Copeland. In that case, the defendant was sentenced to an enhanced sentence of 216 months imprisonment and 8 years supervised release under 21 U.S.C. § 841(b)(1)(B). Copeland, 707 F.3d at 527. The defendant challenged his sentence on appeal, arguing that although he signed an appeal waiver, his claim fell outside the waiver because district court exceeded its authority by imposing an "illegal" eight-year term of supervised release. Id. at 528. He specifically argued that his offense should be modified to § 841(b)(1)(C) pursuant to the Fair Sentencing Act of 2010, and that the statutory maximum for supervised release should therefore be three years. Id. at 530. The Fourth Circuit rejected the defendant's argument. First, the court noted that three years is merely the statutory minimum under § 841(b)(1)(C). Id. Then, the Fourth Circuit held that because the defendant's sentence fit within the statutory terms authorized by § 841(b)(1)(B) *as well as* (C), it "[could not] be 'illegal' for purposes of circumventing the appeal waiver." Id.

Although Copeland may give some indication of resolution in favor of the Pratt opinion, it still leaves some doubts for the Court. In Copeland, the court addressed supervised release for an enhanced sentence under § 841(b)(1)(B) and an unenhanced sentenced under § 841(b)(1)(C). It did not, however, address the situation in this case, an unenhanced sentence under § 841(b)(1)(B). Although it would seem that, particularly in light of the 2002 Amendment, Good is no longer authoritative, the Fourth Circuit has not come out and said as much.

Absent clear precedent from the court above, this Court must use its best judgment. Accordingly, the Court follows the opinion in Pratt, which is (1) the most recent Fourth Circuit opinion to analyze the matter in detail and (2) the opinion most consistent with the 2002

Amendment. Under this reading, Defendant is subject to a term of supervised release from four years to life. § 841(b)(1)(B). Therefore, Defendant's sentence of lifetime supervised release was not error.

## IV. FINE

Defendant also contends that the Court's imposition of a condition fine was clear error. Defendant argues that (1) "18 U.S.C. § 3571 authorizes fines, but does not authorize the imposition of a conditional or contingent fine," and (2) the conditional fine will create an unworkable situation for Defendant. ECF No. 53 at 5. Defendant cites no legal authority to support these assertions, and the Court could find none.

Despite Defendant's arguments to the contrary, the Defendant's fine was properly imposed by the Court. Section 3571 states in relevant part that "an individual who has been found guilty of [a felony] may be fined . . . not more than $250,000." 18 U.S.C. § 3571. This language merely limits the amount of a fine that a court may impose. The Sentencing Guidelines, which address when a fine should be imposed, state that "[i]f the defendant establishes that (1) he is not able . . . to pay all or part of the fine . . . or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(e). Neither of these provisions contain any prohibitions on conditional sentences.

Moreover, the specific conditional fine levied by the Court does not run afoul of § 3571 or the Sentencing Guidelines. Although the PSR indicated that Defendant was unable to pay a fine, this determination was based on the existence of an alleged tax lien of over $120,000. ECF No. 49 at ¶ 66. At the hearing, Defendant denied any knowledge of the tax lien. Without the tax lien, the Court found that Defendant was able to pay a fine, and imposed a fine of $10,000. After Defendant's Counsel argued that the tax lien might be legitimate despite Defendant's lack of knowledge, the Court added a condition that if the United States collects the tax lien, the fine

9

will be suspended. This condition was added for the benefit of Defendant. It is not coercive or based on improper grounds. Rather, it is based upon the same criterion the Court always considers when imposing a fine: the Defendant's ability to pay. Absent any authority to the contrary, the Court determines that its imposition of a conditional fine was not error.

Defendant also argues that the fine will "create an unworkable situation for Mr. Jackson when he is on supervised release." ECF No. 53 at 5. The Court maintains that the fine is appropriate, and, in any event, whether the fine is feasible does not concern an "arithmetical, technical, or other clear error." FED.R.CRIM.P. 35(a). Therefore, the Court does not have the authority to modify Defendant's fine on this point.

V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Correct Sentence is **DENIED**. If the sentence imposed by the Court is illegal, then Defendant is entitled to an appeal. ECF No. 43 at ¶ 6. Therefore, this Court suggests that Defendant appeal if he believes he was given an illegal sentence.

The Clerk is **DIRECTED** to forward a copy of this Order to the United States Attorney's Office, Defendant, and all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 7, 2014